**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KRISTINE MILEY,**

                    **Plaintiff,**                    3:13-cv-566
                                                            (GLS/ESH)

            v.

**CAROLYN W. COLVIN,**
Commissioner of Social Security,

                    **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Lachman, Gorton Law Firm | PETER A. GORTON, ESQ. |
| P.O. Box 89 | |
| 1500 East Main Street | |
| Endicott, NY 13761-0089 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | AMANDA J. LOCKSHIN |
| United States Attorney | ANDREEA L. LECHLEITNER |
| Syracuse, NY 13261 | Special Assistant U.S. Attorneys |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Kristine Miley challenges defendant Commissioner of Social Security's denial of Supplemental Security Income (SSI), seeking review under 42 U.S.C. §§ 405(g) and 1383(c)(3).[1]  (Compl., Dkt. No. 1.)  In a Report and Recommendation (R&R) filed September 8, 2014, Magistrate Judge Earl S. Hines recommended that the Commissioner's decision be affirmed.  (Dkt. No. 20.)  Pending are Miley's objections to the R&R.  (Dkt. No. 21.)  For the reasons that follow, the court adopts the R&R in its entirety.

## II. Background[2]

On August 17, 2010, Miley filed an application for SSI under the Social Security Act.  (Tr.[3] at 55, 85-86.)  After her application was denied, Miley requested a hearing before an Administrative Law Judge (ALJ), which was held on October 2, 2012  (*Id.* at 56-62, 282-315.)  On October 23, 2012, the ALJ issued a decision denying the requested benefits, which

---

[1] 42 U.S.C. § 1383(c)(3) renders section 405(g) applicable to judicial review of SSI claims.

[2] The court incorporates the factual recitations of the parties and Judge Hines.  (*See generally* Dkt. Nos. 15, 19, 20.)

[3] Page references preceded by "Tr." are to the Administrative Transcript.  (Dkt. No. 9.)

2

became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*Id.* at 6-8, 12-24.)

Miley commenced the present action by filing a complaint on May 15, 2013, seeking judicial review of the Commissioner's determination. (Compl.) After receiving the parties' briefs, Judge Hines issued an R&R recommending that the Commissioner's decision be affirmed. (*See generally* Dkt. No. 20.)

### III.  Standard of Review

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18. Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, only vague or general objections are made, or a party resubmits

3

the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

### IV. <u>Discussion</u>

Miley raises two specific objections to the R&R, which the court will review *de novo*. (*See generally* Dkt. No. 21.) The remainder of the R&R will be reviewed for clear error.

**A.**     <u>Headaches</u>

Miley argues that the R&R "did not account in any part for the headaches sustained by . . . Miley which limit her ability [] to work on a regular and ongoing basis." (Dkt. No. 21 at 1.) According to Miley, the ALJ erred in failing to find her headaches severe under the regulations, and failing to account for the "episodic limiting effect" of her headaches in her residual functional capacity determination. (*Id.* at 1-5.)

At step two of the sequential analysis, the ALJ must determine whether the claimant has a "severe medically determinable physical or mental impairment." 20 C.F.R. § 416.920(a)(4)(ii). A finding of not severe is appropriate when an impairment, or combination of those impairments "does not significantly limit [the claimant's] physical or mental ability to do

4

basic work activities." *Id.* § 416.921(a). "The 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, itself, sufficient to deem a condition severe." *Bergeron v. Astrue*, No. 09-CV-1219, 2011 WL 6255372, at *3 (N.D.N.Y. Dec. 14, 2011) (quoting *McConnell v. Astrue*, No. 6:03-CV-0521, 2008 WL 833968, at *2 (N.D.N.Y. Mar. 27, 2008)).

Miley's contention that Judge Hines failed to account in any part for the headaches she sustains, is wholly without merit. Judge Hines reviewed Miley's arguments with respect to her headaches, as well as the relevant evidence of record to determine whether the ALJ's severity determination was supported by substantial evidence and legally sound. (Dkt. No. 20 at 7-9.) As Judge Hines articulated, the ALJ's determination that Miley's headaches do not significantly limit her ability to work is supported by substantial evidence. (*Id.*) Specifically, in February 2012, Miley reported that she experienced headaches intermittently, but was, at that time, asymptomatic. (Tr. at 216.) Moreover, Miley's treating source performed a battery of tests to determine the cause of her headaches, but none was discovered. (*Id.* at 218-22, 309.) As Miley points out, (Dkt. No. 21 at 3), she was prescribed medication to treat her headaches. (Tr. at 226.)

5

However, Miley stopped taking the medication and failed to follow up with Dr. Minhas. (Tr. at 308-09); *see* SSR 96-7p, 61 Fed. Reg. 34,483, 34,487 (July 2, 1996). During a December 2010 consultative examination, Miley failed to complain of headaches and, instead, reported that she was in very good health except for gastrointestinal issues. (Tr. at 171-72.) Importantly, "whether there is substantial evidence supporting the [claimant]'s view is not the question," instead, the court must "decide whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d. Cir. 2013). Thus, although Miley points to other evidence which she asserts indicates functional limitations caused by her headaches,[4] as the ALJ clearly considered Miley's complaints, and sufficiently explained his determination, which is supported by the record, the court finds no error. (Tr. at 18, 21-23); *see Bonet*, 523 F. App'x at 59 (explaining that the substantial evidence standard applicable in an appeal

---

[4] Miley points to her own subjective complaints of headaches and asserts that they would "[c]learly" interfere with her "ability to work consistently and . . . when combined with the periods of time . . . that [she] would have difficulty working due to the psychological conditions as set forth by all examiners, the headaches must be assessed both as a severe condition and in terms of their episodic limiting effect." (Dkt. No. 21 at 3.) However, Miley fails to cite any medical source who has opined that she would be unable to work due to her headaches and, as the ALJ highlighted, consultative examiner Mary Anne Moore opined that Miley was capable of working a full-time job that is low-stress, slow paced, and repetitive in nature. (Tr. at 22, 237-43.) Further, non-examining medical consultant Paul Taren opined that Miley is capable of carrying out simple, routine tasks despite the limitations resulting from her mental impairments. *Id.* at 192.)

from a denial of SSI is a "very deferential standard of review" (internal quotation marks and citation omitted)).

## B. <u>Credibility Determination</u>

Miley also contends that the ALJ did not properly set forth his rationale for finding Miley less than fully credible. (Dkt. No. 21 at 5-6.) According to Miley, Judge Hines erroneously accepted the Commissioner's post hoc argument for limiting her credibility. (*Id.* at 6.)

Once the ALJ determines that the claimant suffers from a "medically determinable impairment[] that could reasonably be expected to produce the [symptoms] alleged," he "must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's [subjective] contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (internal quotation marks and citations omitted). In performing this analysis, the ALJ "must consider the entire case record and give specific reasons for the weight given to the [claimant's] statements." SSR 96-7p, 61 Fed. Reg. at 34,485. Specifically, in addition to the objective medical evidence, the ALJ must consider the following factors: "1) daily activities; 2) location, duration,

7

frequency and intensity of any symptoms; 3) precipitating and aggravating factors; 4) type, dosage, effectiveness, and side effects of any medications taken; 5) other treatment received; and 6) other measures taken to relieve symptoms." *F.S. v. Astrue*, No. 1:10-CV-444, 2012 WL 514944, at *19 (N.D.N.Y. Feb. 15, 2012) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)).

Here, the ALJ considered the inconsistencies between Miley's subjective testimony and the objective medical evidence of record as well as the opinion evidence. (Tr. at 21.) The ALJ also considered the frequency and extent of Miley's treatment and her statements to a consultative examiner that she was in very good physical health with few problems. (Tr. at 18, 21, 172.) Taken as a whole, despite Judge Hines' acknowledgment that the ALJ's rendition of Miley's daily activities was "quite skewed," (Dkt. No. 20 at 17), the ALJ's credibility determination was not "patently unreasonable." *Pietrunti v. Director, Office of Workers' Comp. Programs*, 119 F.3d 1035, 1042 (2d Cir. 1997) ("Credibility findings of an ALJ are entitled to great deference and therefore can be reversed only if they are patently unreasonable." (internal quotation marks and citation omitted)); *see* 20 C.F.R. § 416.929(c)(2), (3)(i), (iv), (v), (vii).

## C. Remaining Findings and Conclusions

Having addressed Miley's specific objections *de novo*, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Hines' R&R in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Earl S. Hines' September 8, 2014 Report and Recommendation (Dkt. No. 20) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Miley's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 30, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court